## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

---

| | | |
|---|---|---|
| STRATUS TECHNOLOGIES BERMUDA LTD. AND STRATUS TECHNOLOGIES, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | |
| ENSTRATUS NETWORKS, LLC, | ) ) ) | |
| Defendant. | ) ) | **JURY TRIAL REQUESTED** |

---

## COMPLAINT

Plaintiffs Stratus Technologies Bermuda Ltd. and Stratus Technologies, Inc. (collectively "Plaintiffs" or "Stratus"), for their Complaint against enStratus Networks, LLC ("Defendant") allege as follows:

## NATURE OF THE ACTION

1.     In this action, Plaintiffs seek injunctive relief and damages for acts of trademark infringement, dilution, and unfair competition committed by Defendant in selling goods and services under trademarks which are confusingly similar to Plaintiffs' STRATUS® trademarks. Defendant's acts violate the laws of the United States, as well as the statutory and common laws of various states, including the Commonwealth of Massachusetts and the State of Minnesota.  In particular, this action arises under the Lanham Act, 15 U.S.C. § 1051 et seq., the statutory dilution and unfair competition laws of Massachusetts, Mass. Gen. Laws ch. 110H, and ch. 93A, § 11, the statutory dilution and unfair competition laws of Minnesota, Minnesota Statutes, section 333.285 and section 325D.44 and the common law of Massachusetts and Minnesota.

## JURISDICTION AND VENUE

2.      This is an action under the Lanham Act, 15 U.S.C. § 1051 et seq. ("Lanham Act"), particularly 15 U.S.C. §§ 1114, 1119, and 1125, for trademark infringement, false designation of origin, false description or representation, and related unfair competition. Plaintiffs also assert claims for dilution and unfair competition under the statutory and common law of states, including Massachusetts and Minnesota.

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1338(b).  This Court also has jurisdiction pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1367(a).

4.      Defendant is subject to suit in Massachusetts because, among other reasons, on information and belief, it has or had a reasonable expectation that goods and/or services sold or transported under the accused trademarks are used or are to be used, are sold, or are to be sold in Massachusetts, its tortious conduct has taken place and continues to take place in Massachusetts, and/or it regularly solicits business in Massachusetts and its acts are causing tortious injury in Massachusetts.

5.      Venue is proper under 28 U.S.C. §§ 1391(b), and (c) in that, upon information and belief, Defendant is subject to personal jurisdiction in the Commonwealth of Massachusetts and/or the wrongful acts committed by Defendant occurred in and are causing injury in the Commonwealth of Massachusetts.

## THE PARTIES

6.      Plaintiff Stratus Technologies Bermuda Ltd. is a Bermuda corporation with its headquarters in Hamilton, Bermuda.

7.      Plaintiff Stratus Technologies, Inc. is a Delaware corporation and wholly-owned subsidiary of Stratus Technologies Bermuda Ltd.  Stratus Technologies, Inc. has a principal place of business at 11 Powdermill Road, Maynard, Massachusetts.

8.      Upon information and belief, Defendant enStratus Networks, LLC is a limited liability company with a principal place of business of 1201 Marquette Avenue, Minneapolis, Minnesota.

## PLAINTIFFS AND PLAINTIFFS' TRADEMARKS

9.      Originally founded in 1980, Stratus is a leader in the fault-tolerant, high-availability technology industry, providing customers with solutions to protect and ensure the availability and continuity of technology-dependent operations.  Stratus currently serves thousands of organizations in locations across North America, Europe, Africa and Asia.

10.     Since the 1980s Stratus has led the market in fault-tolerant computing services, initially providing information processing equipment and related goods and services.  Expanding its platform beyond hardware, Stratus applied its technology and industry knowledge to provide integrated hardware and software solutions for critical business operations, particularly in the areas of network management and custom services.  Stratus currently provides, under the STRATUS® trademarks a variety of goods and services that enable its customers to operate and maintain information technology environments, most of which include use of internet and networking services.

11.     Stratus markets and distributes its products through its own direct sales force and through channel partners that include original equipment manufacturers, distributors, resellers, service providers, and systems integrators.  Stratus' customers represent a wide range of industries, including financial services, life sciences, healthcare, manufacturing, retail, travel and

transportation, public safety, and telecommunications, as well as state and federal government agencies.

12.     Stratus advertises and sells its products throughout the United States, including in Massachusetts, and throughout the world by means of promotional materials, catalogs, magazines, and similar types of printed literature, as well as over the Internet through its own web site at <www.stratus.com>.

13.     At least as early as 1982, and prior to the acts of Defendant complained of herein, Stratus adopted and began to use in commerce the designation and trademark "STRATUS" and a stylized STRATUS design (the "STRATUS® Trademarks") for and in connection with information processing equipment.  Such use has been continuous since that time, and Stratus has since expanded use of the STRATUS® Trademarks to include related goods and services in the field of fault-tolerant computing, including computer hardware such as network servers and storage solutions, computer software and consulting services and, most recently, services relating to virtualization technology, often referred to as "cloud computing."  Virtualization or "cloud" related services are intimately related to the hardware and infrastructure services long offered by Stratus because virtualized environments necessarily rely upon back-end products and services of the kind provided by Stratus under the STRATUS® brand for over twenty years.  Attached as Exhibit A are representative samples of promotional and educational materials related to Stratus' virtualization or "cloud"-related services.

14.     The STRATUS® Trademarks are registered in the United States Patent and Trademark Office (PTO), as well as in the European Community.  In the United States, Plaintiff Stratus Technologies Bermuda Ltd. owns the following registrations related to the STRATUS® mark:

| **Trademark** | **Registration Number** | **Registration Date** |
|---|---|---|
| STRATUS | 1,305,730 | November 20, 1984 |
| STRATUS and Design | 1,267,767 | February 21, 1984 |
| STRATUS AVANCE | 3,802,062 | June 15, 2010 |
| STRATUS AVANCE and Design | 3,802,061 | June 15, 2010 |

15.     True and correct copies of the Certificates of Registration for Plaintiff's Reg. Nos. 1,305,730, 1,267,767, 3,802,062 and 3,802,061 are attached hereto as composite Exhibit B.

16.     Plaintiff's Reg. No. 1,305,730 has become incontestable, pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, and, accordingly, constitutes conclusive evidence of the validity of the registered mark, Plaintiff's ownership of the mark, and Plaintiff's exclusive right to use the STRATUS® Trademark in commerce in connection with the goods specified in the Certificate of Registration.  A print out from the United States Patent and Trademark Office TESS Database, showing the incontestable status of the registration, is attached hereto as Exhibit C.

17.     Plaintiff's Reg. No. 1,267,767 has become incontestable, pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, and, accordingly, constitutes conclusive evidence of the validity of the registered mark, Plaintiff's ownership of the mark, and Plaintiff's exclusive right to use the STRATUS and Design® Trademark in commerce in connection with the goods specified in the Certificate of Registration.  A print out from the United States Patent and Trademark Office TESS Database, showing the incontestable status of the registration, is attached hereto as Exhibit D.

18.     Plaintiffs also have used, since as early as 2002, a stylized logo (the "Stratus Logo") comprised of a crescent design appearing to the left of the word "Stratus Technologies."  A true and correct representation of the Stratus Logo is attached hereto as Exhibit E.

19.     Since prior to the acts of Defendant complained of herein, Plaintiffs have achieved wide-spread and substantial sales of products and services designated by the STRATUS® Trademarks and Stratus Logo throughout the United States, including Massachusetts, and worldwide.

20.     The STRATUS® Trademarks and Stratus Logo are and have been so commonly used by Plaintiffs and others to identify Plaintiffs' products and services that said products and services are now and, since prior to the acts of Defendant complained of herein, have been generally known among the trade and the public by the STRATUS® Trademarks and Stratus Logo.

21.     The STRATUS® Trademarks and Stratus Logo appear on Plaintiffs' computer software and hardware, packaging, user manuals, web site, and other promotional and advertising materials.

## DEFENDANT'S ACTIVITIES

22.     Subsequent to Plaintiffs' adoption and use of the STRATUS® Trademarks and Stratus Logo in commerce, Defendant adopted the mark ENSTRATUS.

23.     Subsequent to Plaintiffs' adoption and use of the STRATUS® Trademarks and Stratus Logo in commerce, Defendant commenced the rendering of services under the ENSTRATUS trademark and a stylized "enSTRATUS" mark, hereinafter referred to as the "Accused Trademarks."

24.     Subsequent to Plaintiffs' adoption and use of the STRATUS® Trademarks and Stratus Logo in commerce, Defendant began promoting and offering for sale services bearing the Accused Trademarks, including via a web site at <www.enstratus.com> (the "Domain Name"). This interactive web site is continuously available in Massachusetts, and visitors to the web site

can, among other things, view information regarding services bearing the Accused Trademarks and sign up for trial services offered under the Accused Trademarks.  Screenshots of pages from Defendant's web site located at <www.enstratus.com> which display products and services offered under the Accused Trademarks are attached hereto as composite Exhibit F.

26. 25.    Furthermore, upon information and belief, Defendant has promoted its services under the ENSTRATUS mark at various trade events, including recently sponsoring a computing technology event titled Cloud Camp Boston held July 21, 2010 in Boston, Massachusetts.  <u>See</u> Exhibit G for information regarding Cloud Camp Boston and showing the Accused Trademarks used in connection with promotion of the Cloud Camp Boston event.

26.    The Accused Trademarks are confusingly similar to Plaintiffs' STRATUS$^\circledR$ Trademarks and Stratus Logo.

27.    On February 18, 2009, Defendant filed a United States trademark application, Application No. 77/672,906 for the trademark "enStratus," claiming a date of first use in commerce of November 3, 2008 in connection with "Providing virtual servers, namely, remote management of the information technology systems of others featuring fault monitoring and security management; providing on-line non-downloadable software for fault monitoring and security management of virtual servers; infrastructure management tools, namely, providing on-line non-downloadable software primarily for use in fault monitoring and recovery, automated redundancy and scalability, and security and authentication for use in monitoring and controlling communication between computers."  <u>See</u> Exhibit H for TARR print out from the United States Patent and Trademark Office showing the details and status of Defendant's trademark application.  Plaintiff Stratus Technologies Bermuda Ltd. has opposed registration of Defendant's trademark application.  <u>See</u> <u>id</u>.

28.     The services provided by Defendant under the Accused Trademarks – computing services and consulting related to virtualization technology for use with fault monitoring and recovery and similar infrastructure management tools – are extremely similar or closely related to the goods and services provided by Plaintiffs under the STRATUS® Trademarks and Stratus Logo.  Specifically, Defendant's products include virtual servers, software and infrastructure services for fault monitoring and recovery, security management, and redundancy and scalability in virtualized or "cloud" environments.  Generally, Plaintiffs' goods and services serve identical purposes as Defendant's services and Plaintiffs' goods and services, including server hardware, fault-tolerant infrastructure software and hardware and information technology consulting services, assist and support virtualization environments.  See Exhibit I for screen captures from Plaintiffs' website describing services.

29.     Indeed, Defendant promotes its ENSTRATUS services as "multi-cloud architecture that focuses on security and high availability for mission-critical web applications". See screen captures from Defendant's website at Exhibit F.  Plaintiffs have been industry leaders in providing, and have consistently promoted under the STRATUS marks, software, hardware and services for business continuity and mission critical applications.  Indeed, Plaintiffs' website specifically promotes "business continuity strategies to ensure reliability and performance of mission-critical applications." See Exhibit I.

30.     Defendant also targets sales of its products under the Accused Trademarks to customer bases that overlap with those who are and have been regular consumers of Plaintiffs' products, including small business, IT departments and enterprise clients.

31.     Likewise, Defendant claims to have partnerships and business relationships with companies with whom Plaintiffs collaborate or are likely to collaborate. In fact, one of Plaintiffs

most valuable partnerships in virtualization offerings is with VMWare.  <u>See</u> Exhibit I and Exhibit J.  Defendant also claims VMWare as a partner for Defendant's virtualization services. <u>See</u> Exhibit F.

32.     Upon information and belief, Defendant is well aware and, since long prior to the acts of Defendant complained of herein, has been well aware of the goodwill represented and symbolized by the STRATUS® Trademarks and Stratus Logo.  Upon information and belief, Defendant has been well aware that the STRATUS® Trademarks and Stratus Logo are recognized widely and relied upon by the public and the trade as identifying Plaintiffs and Plaintiffs' products and as distinguishing said products from the products of others.

33.     Notwithstanding that knowledge, and indeed by reason of such knowledge, Defendant engaged in a deliberate and willful scheme to trade upon and to misappropriate for itself the goodwill represented and symbolized by the STRATUS® Trademarks and Stratus Logo, by adopting and using in commerce the Accused Trademarks.

34.     Defendant's use in commerce of the Accused Trademarks is designed, and is calculated, and is likely to cause confusion, to cause mistake, and to deceive customers and prospective customers as to the source, origin, affiliation, or sponsorship of Defendant's products, and to cause consumers mistakenly to believe that Defendant's products are the products of Plaintiffs, or are sponsored, licensed, authorized, or approved by Plaintiffs, all to the detriment of Plaintiffs, the trade, and the public.

35.     Defendant's use of the Accused Trademarks is without the license, authorization, or consent of Plaintiffs.

36.     Despite repeated demands from Plaintiffs to stop using the Accused Trademarks, Defendant has refused to cease and desist use of the Accused Marks.

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT

37.     Plaintiffs incorporate herein each and every allegation set forth in Paragraphs 1 through 36 as if fully set forth herein.

38.     With full knowledge and awareness of Plaintiffs' ownership and prior use of the STRATUS® Trademarks and Stratus Logo for their own benefit, Defendant intentionally has used in commerce, and upon information and belief, will continue to use the Accused Trademarks, which use is likely to cause confusion, or to cause mistake, or to deceive.

39.     Defendant's aforesaid acts constitute infringement of Plaintiff Stratus Technologies Bermuda Ltd.'s federally-registered and incontestable trademarks, in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

40.     Defendant's aforesaid acts have caused and will cause irreparable injury to Plaintiffs, and unless said acts are restrained by this Court, they will be continued and Plaintiffs will continue to suffer irreparable injury.

41.     Plaintiffs have no adequate remedy at law.

42.     Defendant's aforesaid acts have harmed Plaintiffs' reputation and have caused damage to Plaintiff in an amount to be determined.

43.     Defendant's aforesaid acts have unlawfully enriched and benefited Defendant in an amount to be determined.

## COUNT II – FALSE DESIGNATION, DESCRIPTION, AND REPRESENTATION UNDER THE LANHAM ACT

44.     Plaintiffs incorporate herein each and every allegation set forth in Paragraphs 1 through 43 as if fully set forth herein.

45.     Defendant intentionally has used and, upon information and belief, will continue to use in commerce the Accused Trademarks, which use constitutes a false designation of origin,

false or misleading description of fact, or a false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association with Plaintiffs, or origin, sponsorship, or approval of Defendant's products by Plaintiffs.

46.     Defendant's aforesaid acts constitute unfair competition, false designation of origin, and/or false description or representation in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47.     Defendant's aforesaid acts have caused and will cause irreparable injury to Plaintiffs, and unless said acts are restrained by this Court, they will be continued and Plaintiffs will continue to suffer irreparable injury.

48.     Plaintiffs have no adequate remedy at law.

49.     Defendant's aforesaid acts have harmed Plaintiffs' reputation and have caused damage to Plaintiffs in an amount to be determined.

50.     Defendant's aforesaid acts have unlawfully enriched and benefited Defendant in an amount to be determined.

## COUNT III – FEDERAL TRADEMARK
## DILUTION UNDER THE LANHAM ACT

51.     Plaintiffs incorporate herein each and every allegation set forth in Paragraphs 1 through 50 as if fully set forth herein.

52.     The STRATUS® Trademarks are famous and distinctive marks due to, among other things, Plaintiffs' long and extensive use, advertising, marketing and publicity of the STRATUS® Trademarks.

53.     Defendant's aforesaid acts are likely to dilute the distinctive quality of Plaintiffs' STRATUS® Trademarks in violation of 15 U.S.C. § 1125(c).

54.     Defendant's aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiffs, and unless said acts are restrained by this Court, they will be continued and Plaintiffs will continue to suffer great and irreparable injury.

### COUNT IV – COMMON LAW TRADEMARK INFRINGEMENT

55.     Plaintiffs incorporate herein each and every allegation set forth in Paragraphs 1 through 54 as if fully set forth herein.

56.     Defendant's acts in promoting and selling products and services that are of substantially the same character as STRATUS® products in connection with a trademark that is confusingly similar to Plaintiffs' STRATUS® Trademarks and Stratus Logo constitutes common law trademark infringement, palming or passing off of Defendant's goods and services as those of Plaintiffs, and unprivileged imitation, all of which create in the mind of the public the impression that Plaintiffs are responsible for the quality and performance of Defendant's goods and services or is otherwise connected to or associated with Defendant.

57.     Defendant's use of a trademark confusingly similar to Plaintiffs' STRATUS® Trademarks and Stratus Logo constitutes a use of Plaintiffs' trademarks on and in connection with goods or services that Plaintiffs cannot control.  Such acts will materially damage the reputation of Plaintiffs and that of its goods and services and damage the goodwill in Plaintiffs' trademark that has been created by Plaintiffs' substantial expenditure of money.

58.     Defendant's aforesaid acts constitute trademark infringement and unfair competition, all in violation of Plaintiffs' rights under the common law of the Commonwealth of Massachusetts, the state of Minnesota and other states.

59.     Defendant's aforesaid acts have caused and will cause irreparable injury to Plaintiffs, and unless said acts are restrained by this Court, they will be continued and Plaintiffs will continue to suffer irreparable injury.

60.     Plaintiffs have no adequate remedy at law.

61.     Defendant's aforesaid acts have harmed Plaintiffs' reputation and have caused damage to Plaintiffs in an amount to be determined.

62.     Defendant's aforesaid acts have unlawfully enriched and benefited Defendant in an amount to be determined.

### COUNT V – STATE TRADEMARK DILUTION: MASSACHUSETTS

63.     Plaintiffs incorporate herein each and every allegation set forth in Paragraphs 1 through 62 as if fully set forth herein.

64.     The STRATUS® Trademarks and Stratus Logo are distinctive and, through long and extensive use, advertising, marketing, and public awareness, possess a high degree of distinctiveness, including in Massachusetts.

65.     Upon information and belief, Defendant has used and will continue to use the Accused Trademarks in Massachusetts, which use has injured and will continue to injure Plaintiffs' business reputation and/or has diluted and will continue to dilute the distinctive quality of Plaintiffs' STRATUS® Trademarks and Stratus Logo.

66.     Defendant's aforesaid acts are likely to injure the business reputation of Plaintiffs or likely to dilute the distinctive quality of Plaintiffs' STRATUS® Trademarks and Stratus Logo, in violation of Mass. Gen. Laws ch. 110H.

67.     Defendant's aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiffs, and unless said acts are restrained by this Court, they will be continued and Plaintiffs will continue to suffer great and irreparable injury.

### COUNT VI – STATE TRADEMARK DILUTION: MINNESOTA

68.     Plaintiffs incorporate herein each and every allegation set forth in Paragraphs 1 through 67 as if fully set forth herein.

69.     The STRATUS® Trademarks and Stratus Logo are famous and distinctive in Minnesota within the meaning of Minnesota Statutes, section 333.285.

70.     Defendant's commercial use of the Accused Trademarks began long after the STRATUS® Trademarks and Stratus Logo became famous.

71.     Defendant's use of the Accused Trademarks dilutes the distinctive quality of STRATUS® Trademarks and Stratus Logo by diminishing the capacity of the marks to identify and distinguish Plaintiffs' goods and services, all in violation of Minnesota Statutes, section 333.285.

72.     Defendant willfully intended to trade on Plaintiffs' reputation and goodwill and/or to cause dilution of Plaintiffs' famous trademarks.

73.     Defendant's aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiffs, and unless said acts are restrained by this Court, they will be continued and Plaintiffs will continue to suffer great and irreparable injury.

## COUNT VII – UNFAIR TRADE PRACTICES: MASSACHUSETTS

74.     Plaintiffs incorporate herein each and every allegation set forth in Paragraphs 1 through 73 as if fully set forth herein.

75.     Defendant's acts and practices described above constitute unfair methods of competition and/or unfair or deceptive acts or practices declared unlawful by Mass. Gen. Laws ch. 93A, § 11, and were committed by Defendant primarily and substantially in the Commonwealth of Massachusetts and in knowing and willful violation thereof.

76.     Defendant's aforesaid acts have harmed Plaintiffs' business reputation, severely damaged Plaintiffs' goodwill, and upon information and belief, have unjustly enriched Defendant.

77.     Defendant's aforesaid acts have injured and will continue to injure Plaintiffs business reputation and have diluted and will continue to dilute the distinctive quality of Plaintiffs trademarks.

## COUNT VIII – DECEPTIVE TRADE PRACTICES: MINNESOTA

78.     Plaintiffs incorporate herein each and every allegation set forth in Paragraphs 1 through 77 as if fully set forth herein.

79.     Defendant's conduct in the course of its business described herein, which occurred at least in part in the state of Minnesota, causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services, and as to affiliation, connection or association with Plaintiffs.

80.     The acts of Defendant complained of herein constitute deceptive trade practices in violation of Minnesota Statutes, section 325D.44.

81.     Defendant's conduct in violation of Minnesota Statutes, section 325D.4 was and continues to be willful.

82.     Defendant's aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiffs, and unless said acts are restrained by this Court, they will be continued and Plaintiffs will continue to suffer great and irreparable injury.

WHEREFORE, Plaintiffs pray:

A.     That this Court adjudge that Plaintiffs' trademarks have been infringed and diluted as a direct and proximate result of the acts of Defendant as set forth in this Complaint, in violation of Plaintiffs' rights under the Lanham Act, 15 U.S.C. § 1051 et seq., and the statutory and common laws of the Commonwealth of Massachusetts, the State of Minnesota and other states.

B.     That this Court adjudge that Defendant has competed unfairly with Plaintiffs as set forth in this Complaint, in violation of Plaintiffs' rights under the Lanham Act, and the statutory and common laws of the Commonwealth of Massachusetts, the State of Minnesota and other states.

C.     That Defendant, and all officers, directors, agents, servants, employees, affiliates, attorneys, successors, and assigns, and all persons in active concert or participation therewith, be preliminarily and permanently enjoined and restrained:

    1)     From using the Accused Trademarks or any designation or trademark similar thereto, in any way, in connection with computer software and consulting services, or any other related goods or services; and

    2)     From doing any other act or thing likely to cause the public or the trade mistakenly to believe that there is any connection between Defendant and Plaintiffs, or their respective products and/or services; and

    3)     From otherwise infringing or diluting any trademark owned by Plaintiffs or engaging in unfair competition against Plaintiffs.

D.     That Defendant be required to deliver up for destruction all products, packaging, signs, prints, promotional materials, advertisements, and other written or printed materials that bear the Accused Trademarks, or any trademarks similar thereto.

E.     That Defendant be required to expressly withdraw its U.S. Trademark Application for the mark enStratus, Serial No. 77/672,906.

F.     That Plaintiffs recover Defendant's profits and the damages of Plaintiffs arising from Defendant's acts of trademark infringement, dilution, false designation of origin, false description or representation, and unfair competition.

G.      That this Court treble such amounts awarded as allowed by § 35 of the Lanham Act, 35 U.S.C. § 1117, and multiple and/or punitive damages as allowed by federal and other state law.

H.      That this Court award Plaintiffs multiple damages as allowed by Mass. Gen. Laws ch. 93A, and other federal and state law.

I.      That Plaintiffs recover both pre-judgment and post-judgment interest on each and every award.

J.      That Plaintiffs recover reasonable attorneys' fees incurred in this action, as provided for under federal and state law.

K.      That Plaintiffs have and recover taxable costs and disbursements incurred in this action.

L.      That Plaintiffs have other and such further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all issues so triable.

STRATUS TECHNOLOGIES BERMUDA
LTD. and
STRATUS TECHNOLOGIES,

By their attorneys,
/s/ *Sara E. Yevics*
David J. Byer (BBO# 544411)
    david.byer@klgates.com
Phi Lan M. Tinsley (BBO# 656815)
    philan.tinsley@klgates.com
Sara E. Yevics (BBO# 667277)
    sara.yevics@klgates.com
K&L Gates LLP
State Street Financial Center
1 Lincoln Street
Boston, MA  02111
Telephone:  (617) 261-3100
Facsimile:  (617) 261-3175

Dated: August 13, 2010