UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11384-RWZ

STRATUS TECHNOLOGIES BERMUDA LTD and
STRATUS TECHNOLOGIES, INC.

v.

ENSTRATUS NETWORKS, LLC

ORDER

July 7, 2011

ZOBEL, D.J.

Plaintiffs Stratus Technologies Bermuda LTD and Stratus Technologies, Inc. (together, "Stratus") sue enStratus Networks, LLC for (1) trademark infringement under the Lanham Act, 15 U.S.C. § 1114; (2) false representation in violation of 15 U.S.C. § 1125(a); (3) trademark dilution in violation of 15 U.S.C. § 1125(c); (4) common law trademark infringement; (5) trademark dilution in violation of Mass. Gen. Laws ch. 110H; (6) trademark dilution in violation of Minn. Stat. § 333.285; (7) unfair trade practices in violation Mass. Gen. Laws ch. 93A, § 11; and (8) deceptive trade practices in violation of Minn. Stat. § 325D.44. Defendant moved to dismiss under Fed. R. Civ. P. 12(b) for lack of personal jurisdiction, improper venue, and failure to state a claim. The parties engaged in limited discovery concerning the jurisdiction and venue issues, plaintiff filed an opposition, and the motion is now ripe for decision.

**I.      Background**

The facts, as set forth in the complaint, are that Stratus is a Massachusetts based business, founded in 1980, that provides both hardware and software-based "fault-tolerant" computing services for "critical business operations."  Compl. ¶ 10, Docket # 1.  These services are sold throughout the Untied States and worldwide.  The company has continuously used the trademark "Stratus" since 1982, and the trademark has been registered with the United States Patent and Trademark Office ("USPTO") in various permutations since 1984.  Certificates of Registration, Docket # 1 Ex. B.

Defendant enStratus is a Delaware LLC with a principle place of business in Minnesota that provides "virtual servers . . . featuring fault monitoring and security management."  EnStratus trademark application, Docket # 1 Ex. H.  "Generally, Plaintiffs' goods and services serve identical purposes as Defendant's services . . . including server hardware, fault-tolerant infrastructure software and hardware and information technology consulting services, assist [for] and support [of] virtualization environments."  Compl. ¶ 28.  The parties have overlapping customer bases and business relationships with some of the same companies.   Id. at ¶¶ 31-32.  Defendant first used the enStratus trademark in 2008 and filed a trademark application with the USPTO in 2009, which Stratus formally opposed. Docket # 1 Ex. H.

**II.      Personal Jurisdiction and Venue**

A court may exercise personal jurisdiction over a non-resident defendant in a case presenting a federal question if, as required by the Due Process Clause of the Fifth Amendment, that defendant has either continuous and systematic contacts with

the forum, creating general jurisdiction, or minimum contacts specifically related to the cause of action, giving rise to specific jurisdiction. U.S. v. Swiss Am. Bank, Ltd., 274 F.3d 610, 618 (1st Cir. 2001). Plaintiff bears the burden of establishing jurisdiction and, if challenged, "must go beyond the pleadings and make affirmative proof." Id. at 618-19 (internal quotation marks omitted).

Here, plaintiff relies on the existence of specific jurisdiction. Specific jurisdiction exists if (1) the litigation arises out of defendant's contacts with the forum; (2) those contacts were voluntary and purposeful such that involuntary presence before the forum's courts was foreseeable; and (3) it is reasonable taking into account considerations of fairness. See id. at 620-21. While the relevant forum for the due process analysis is the United States, it is the contacts with the Commonwealth that are critical because its long-arm statute establishes this court's territorial limitation of effective service. Fed. R. Civ. P. 4(k); Swiss Am. Bank, 274 F.3d at 618. In other respects, the long arm statute extends "to the limits allowed by the Constitution of the United States." Daynard v. Ness, 290 F.3d 42, 52 (1st Cir. 2002) (citing "Automatic" Sprinkler Corp of Am. v. Seneca Foods Corp., 280 N.E.2d 423, 424 (Mass. 1972)).

Defendant sent marketing materials to 361 persons with Massachusetts contact information. Ex. 8 to Bagley Dep at 3-16, Docket # 19; Bagley Dep 67:20-68:23, Docket # 19 Ex. A. The company agreed to provide "Entry" computing services to five individuals who supplied a Massachusetts phone number and mailing address. Ex. 8 to Bagley Dep. at 2; website summary of "Entry" services, Ex. 7 to Bagley Dep. at 4. These contacts were made using the brand name enStratus, the term alleged to

infringe the Stratus trademarks. When enStratus' CEO was asked whether people in Massachusetts could purchase enStratus services, he replied "I wish they would." Bagley Dep. 65:19-21. In the language of personal jurisdiction, this lawsuit arises out of enStratus' purposeful contacts with the Commonwealth and it was foreseeable that the company would be held accountable for those contacts in a Massachusetts court. Finally, the record does not disclose any reason why it would be unreasonably burdensome for this Minnesota defendant to litigate in Massachusetts. See N. Laminate Sales, Inc. v. Davis, 403 F.3d 14, 26 (1st Cir. 2005) (listing factors to consider in a reasonableness analysis). To the contrary, enStratus sponsored a "CloudCamp," a meeting where "early adopters" gather to discuss cloud computing, in Boston in both 2009 and 2010. EnStratus representatives gave presentations at both events. Ex. 2 to Reese Dep., Docket # 19; Ex. 6 to Bagley Dep.

Venue is also proper in this district. A substantial portion of the events giving rise to the trademark claim occurred here, specifically, the marketing of enStratus services under the allegedly infringing enStratus brand name. 28 U.S.C. § 1391(b).

### III.   Failure to State a Claim

Defendant argues that plaintiff has "failed to plead sufficient facts" to support a claim for trademark infringement. Def.'s Mot. to Dismiss 11, Docket # 7. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). To prevail on a claim of trademark infringement under either federal

or Commonwealth law "a plaintiff must establish (1) that its mark is entitled to trademark protection, and (2) that the allegedly infringing use is likely to cause consumer confusion." E.g., Boston Duck Tours, LP v. Super Duck Tours, LLC, 531 F.3d 1, 12 (1st Cir. 2008).

Plaintiff has plausibly alleged trademark infringement and states a claim for relief. According to the complaint, the Stratus mark long predates any use of enStratus by defendants. The two companies provide similar goods and services and, in some instances, have partnerships and business relationships with the same companies. Examples of the trademarks are attached to the complaint and the marks for both companies emphasize the word "stratus." See, e.g., Docket # 1 Exs. E (Stratus logo), F ("enSTRATUS" logo on webpage), H (enStratus trademark application). In such circumstances confusion might occur. While defendant disputes many of the complaint's factual allegations, factual disputes cannot be resolved with a motion to dismiss.

## IV. Conclusion

Defendant's motion to dismiss (Docket # 7) is DENIED.

|  |  |
|---|---|
| July 7, 2011 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |

5